UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 8:02-CR-425-T-24-MAP

FRANK S. CHAPMAN

_____/

**ORDER**

This cause comes before the Court on a violation of supervised release. Defendant Frank S. Chapman was sentenced on May 20, 2003 for possession of stolen United States mail. He received a sentence of twenty-seven (27) months imprisonment followed by thirty-six (36) months of supervised release with the special condition that Defendant Chapman participate in substance abuse counseling and pay a $100.00 special assessment.

On April 26, 2006, the probation officer filed a second superceding petition with the Court stating that Defendant Chapman had violated his supervised release by: (1) on July 22, 2004 providing a urine sample that yielded positive results for the presence of amphetamine and methamphetamine (a violation of Standard Condition #7); (2) on September 21, 2004, Defendant failed to submit a urine sample by attempting to avoid the drug screen with a urination device (a violation of the special condition requiring participation in drug treatment); (3) on September 23, 2004, Defendant failed to submit a urine sample by attempting to avoid the drug screen with a urination device (a violation of the special condition requiring participation in drug treatment); (4) on September 21, 2004, Defendant was in possession of drug paraphernalia, a urination device to assist him in altering his urinalysis results (a violation of Standard Condition #7); (5)

1

on September 23, 2004, Defendant was in possession of drug paraphernalia, a urination device to assist him in altering his urinalysis results (a violation of Standard Condition #7); (6) on September 23, 2004, Defendant failed to participate in drug treatment in that he was unsuccessfully discharged from the drug treatment program for non-compliant behavior as well as for continued drug use, (a violation of the special condition requiring participation in drug treatment); and (7) between May 20, 2003 and September 29, 2004, Defendant failed to make special assessment payments according to the payment schedule ordered by this Court on May 20, 2003.

On August 4, 2006, the Court conducted a hearing. At the hearing, Defendant Chapman admitted to committing the violations. Accordingly, the Court finds that Defendant Chapman violated the terms and conditions of his supervised release, as described above. It is, therefore, **ORDERED AND ADJUDGED** that Defendant Chapman's supervised release is **REVOKED**. Defendant Chapman is sentenced to **TIME SERVED** to be followed by a new term of supervised release of 2 years with the following special conditions. Defendant Chapman must: (1) comply with the standard conditions of supervised released; (2) participate in drug treatment and submit himself to random urine screens; and (3) participate in mental health counseling. In imposing the sentence, the Court has considered the factors set forth in 18 U.S.C. § 3553(a) and the advisory guidelines.

**DONE AND ORDERED** at Tampa, Florida this 4th day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Counsel and Parties
U.S. Marshal Service
U.S. Probation Office